IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT L. QUINN                                                                                  PLAINTIFF

        v.                        Civil No. 09-3004

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Robert Quinn, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**Procedural Background**

The plaintiff filed his application for DIB on February 2, 2004, alleging an amended onset date of May 1, 2005,[1] due to back and neck pain, depression, and chest and shoulder pain. (Tr. 10, 118-119, 162, 164-165, 198, 268-269, 271-273). His application was initially denied and that denial was upheld upon reconsideration. (Tr. 18-19, 21-24, 44-46, 57-58). Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ). An administrative hearing was held on December 6, 2006. (Tr. 264-344). Plaintiff was present and represented by counsel.

---

[1] Plaintiff originally alleged January 31, 1991, as his onset date. However, at the hearing, this date was amended due to plaintiff's earnings records. (Tr. 268-269).

At this time, plaintiff was 41 years of age and possessed the equivalent of a high school education. (Tr. 268, 271443). He had past relevant work ("PRW") as a dump truck driver, swimming pool pump technician, maintenance worker, and factory worker. (Tr 16, 119-120, 146, 148-155, 204, 237, 279-280).

On March 12, 2007, the ALJ found that plaintiff's degenerative disk disease status pos laminectomy was severe, but did not meet or medically equaled one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 12). After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk 6 hours (with normal breaks) in an 8-hour workday, sit 6 hours in an 8-hour workday, and occasionally stoop and crouch. (Tr. 13). With the assistance of a vocational expert, the ALJ found plaintiff could perform work as a cashier, assembler, and deboner. (Tr. 17).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on October 30, 2008. (Tr. 3-6). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

2

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

## **Discussion**

After reviewing the medical evidence of record, the undersigned finds that the ALJ's RFC is not supported by substantial evidence. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical

3

records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

The evidence shows that plaintiff was suffering from degenerative disk disease affecting his lumbar spine. Plaintiff was unable to obtain medical records from the early 1990s as they had been destroyed, but testified that he had undergone surgery on his back in 1991 and surgery on his neck in 1994. (Tr. 303-304). On August 2, 2005, plaintiff was treated at the Harrison Mediquick Walk-in Clinic for complaints of back pain. (Tr. 245). The doctor noted a very limited range of motion in plaintiff's back secondary to guarding. He also had paresthesia to light touch in the left lower extremity and bilateral tenderness across the lumbar area, with the right side being more tender than the left. Accordingly, the doctor ordered an MRI of plaintiff's lumbar spine and indicated that he would either refer plaintiff to a neurosurgeon or an orthopedist, dependent upon the MRI results. (Tr. 245).

On August 3, 2005, plaintiff returned for his MRI results. (Tr. 244). It revealed mild degenerative disk disease of the lumbar spine with no evidence of herniation or neural

4

encroachment. As such, he was diagnosed with chronic lower back pain and referred to Dr. Carl Kendrick, an orthopedist. (Tr. 244).

On August 8, 2005, plaintiff conferred with Dr. Kendrick. (Tr. 247-248). He reported progressive problems with his back, including severe pain. Plaintiff rated his pain as a 10 on a scale of 1 to 10. He complained of difficulty waking, bending, lifting, and sneezing. Plaintiff also reported weakness, numbness, and tinging in both legs and feet. An examination revealed virtually no movement in his back. A neurological exam also revealed a sluggish vibratory sense, some residual hip esthesia of the L5 dermatome on the left side (related to his prior surgery), some degenerative disk disease with some minor bulging of the ligaments associated with the degenerative changes, and some enlargement of the facet joints. Dr. Kendrick diagnosed plaintiff with spinal stenosis.[2] He indicated that plaintiff's MRI did not look nearly as bad as plaintiff's reported symptoms would suggest. Dr. Kendrick believed that plaintiff had an 80% chance of improvement if he completed the physical therapy program prescribed. (Tr. 247-248).

On December 27, 2005, plaintiff established as a new patient with Dr. Chitsey. (Tr. 259). He complained of chronic back pain that radiated into his left leg and reported a history of severe degenerative disk disease in his back. Plaintiff told Dr. Chitsey that Dr. Kendrick had recommended surgery, but plaintiff was hesitant to have this done. On examination, Dr. Chitsey noted moderate lumbar tenderness with severe paraspinal muscle spasm and mild decreased knee

---

[2]Spinal stenosis is a narrowing of one or more areas in the spine that can place pressure on the spinal cord or the nerves that branch out from the compressed areas. Mayo Clinic, *Spinal Stenosis*, *at* www.mayoclinic.com/health. Spinal stenosis can cause cramping, pain, or numbness in the legs, back, neck, shoulders or arms; a loss of sensation in the extremities; and, sometimes problems with bladder or bowel function. *Id*.

5

jerk on the left. Plaintiff also exhibited decreased sensation in the left leg and a positive straight leg raise test. Dr. Chitsey diagnosed plaintiff with degenerative disk disease and prescribed Balocet, Flexeril, and Mobic. (Tr. 259).

On February 20, 2006, plaintiff reported continued daily pain, rating it as an 8 on a 10 point scale. (Tr. 259). Dr. Chitsey noted moderate lumbar tenderness with minimal paraspinal muscle spasm. Again, he diagnosed plaintiff with degenerative disk disease and noted his need for surgery. Plaintiff indicated that he was planning to undergo surgery, but was unable to do so at this time due to his financial situation. As such, Dr. Chitsey prescribed Mobic and Darvocet. (Tr. 259).

We note that the only RFC assessment of record was prepared by Dr. Jerry Thomas, a non-examining, consultative physician who never examined plaintiff. (Tr. 249-256). After reviewing plaintiff's medical records, he concluded that plaintiff could perform light work with occasional stooping and crouching. No other limitations were noted. (Tr. 249-256). However, given the limited range of motion in plaintiff's lumbar spine and loss of sensation in his left lower extremity, we do not find Dr. Thomas's opinion to constitute substantial evidence of plaintiff's RFC. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). We believe remand is necessary to allow the ALJ to develop the record further regarding plaintiff's RFC. *See* 20 C.F.R. §404.944; *Brissette v. Heckler*, 730 F.2d 548 (8th Cir. 1984) (holding that the ALJ is under the affirmative duty to fully and fairly develop the record).

AO72A
(Rev. 8/82)

Although Dr. Kendrick voiced his belief that plaintiff's condition could be improved with physical therapy, there is no evidence to indicate what plaintiff's work-related limitations were at the time of his assessment or how long it would take for plaintiff's condition to improve. Likewise, there is nothing in the record from Dr. Chitsey indicating plaintiff's limitations at the time of his evaluation. As this information is necessary to determine plaintiff's true RFC, on remand, the ALJ is directed to address interrogatories to Drs. Kendrick and Chitsey, asking them to review plaintiff's medical records during the relevant time period; complete an RFC assessment regarding plaintiff's capabilities during the time period in question; and, give the objective basis for their opinion, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 0788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

Due to the limited medical evidence, a consultative examination would also be helpful in determining plaintiff's limitations.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 13th day of January 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)